■ MARY FROST, Appellant, v WILLIAM GOLDBERG, Respondent. HOWARD B. FELCHER, Nonparty Respondent. [786 NYS2d 568]—

In a matrimonial action in which the parties were divorced by judgment dated March 20, 2001, the mother appeals from an order of the Supreme Court, Kings County (Platt, J.H.O.), dated September 23, 2003, which, after a hearing, upon granting that branch of the father's motion which was for an award of an attorney's fee, directed her to pay to Howard B. Felcher, the father's attorney, the sum of $5,370.

Ordered that the order is reversed, on the law and on the facts, with costs, and that branch of the motion which was for an award of an attorney's fee is denied.

On January 2, 2001, the parties executed a separation agreement (hereinafter the agreement), which was incorporated but not merged into the judgment of divorce dated March 20, 2001. The agreement provided, inter alia, that in the event either party sought to travel out of the country with the subject child, that party shall provide notice "no less than three weeks in advance of departure."

The agreement also provided that: "[i]n the event either party defaults with respect to any of the obligations under this stipulation, financial or otherwise, and default is not remedied within ten (10) days following service of a written notice by certified or registered mail to the party specifying such default, the defaulting party agrees to indemnify the other party against or to reimburse the non-defaulting party any and all expenses, costs and attorney's fees resulting from or made *necessary* by the bringing of any suit or other proceeding to enforce any of the terms, covenants or conditions of this stipulation to be performed or complied with by the defaulting party or to enforce any of the party's rights to recover any amount to be paid or any other rights pursuant to this stipulation, provided such suit or other proceeding results in a judgment, decree or order in favor of the party bringing the action." (Emphasis added.)

The mother sent the father a letter dated June 6, 2003, advising him that she wished to travel with the subject child to England in July for six weeks. The father informed the mother by letter dated June 16, 2003, that he objected to the trip, and by order to show cause dated June 30, 2003, he moved to enjoin

the mother from leaving the country with the child and for an award of an attorney's fee and costs incurred with respect to the motion. The father asserted in his motion papers, inter alia, that the mother's proposed six-week trip to England interfered with his visitation rights as set forth under the terms of the agreement.

On July 24, 2003, at a court conference, the parties agreed that the mother could travel to England with the child for three weeks and that branch of the motion which was for an award of an attorney's fee was referred to a judicial hearing officer (hereinafter the JHO) to hear and determine. The parties stipulated that the issue of whether that branch of the father's motion which was for an award of an attorney's fee was "made necessary" in accordance with the terms of the agreement would be determined at the hearing. After the hearing, the JHO awarded the father an attorney's fee in the sum of $5,370, based upon a finding that the "order to show cause was a necessary step to be taken to resolve the issue of permitting the infant to leave with her mother," and directed the mother to pay that amount to Howard B. Felcher, his attorney.

The determination rendered by a hearing court is entitled to great deference on appeal and will not be set aside unless such determination could not have been reached under any fair interpretation of the evidence (see Northvale Prop. Assoc. v Osram Sylvania, 300 AD2d 373 [2002]).

Here, the father failed to establish that the branch of his motion which was for an award of an attorney's fee was "made necessary" in accordance with the terms of the agreement. At the time that the mother proposed the trip to England, she was not in default of any term of the agreement. Rather, the mother complied with the terms of the agreement by informing the father nearly a month before her proposed trip of her intention to travel to England with the child. Accordingly, contrary to the determination of the JHO, the branch of the father's motion which was for an award of an attorney's fee should have been denied. Florio, J.P., Krausman, Cozier and Mastro, JJ., concur.